UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

KASEY HARGE,

                Plaintiff,

          -against-

CUBESMART LP; CUBESMART MANAGEMENT
LLC,

                Defendants.

-------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2961 (EK)(PK)

ERIC KOMITEE, United States District Judge:

        Plaintiff Kasey Harge brings this action against Cubesmart LP and Cubesmart Management LLC (together, "Cubesmart").  Representing himself, plaintiff alleges that Cubesmart violated — among other things — Rev. Stat. § 1977, 42 U.S.C. § 1981, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state and local consumer protection laws.  He also brings a common law breach of contract claim against Cubesmart.  Plaintiff moves to proceed *in forma pauperis*.  That motion is granted, but for the reasons outlined below, certain of plaintiff's federal claims are dismissed.

## I.  Background

        The following factual allegations are drawn from the second amended complaint, *see* ECF No. 7, and are presumed true for purposes of this order.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In September 2024,[1] the parties entered a written lease agreement for a storage unit at one of Cubesmart's facilities in Brooklyn.  Compl. ¶ 9.  Cubesmart increased plaintiff's rent in December of that year without providing the notice required under his lease.  *Id.* ¶ 12.  Later, in March 2025, plaintiff went to the facility to pay his monthly rent and "inquire about additional unauthorized fees," including a one-time service fee that Cubesmart had charged him.  *Id.* ¶ 13.  Plaintiff offered to pay "his rent obligation," but the Cubesmart employee refused cash payment, "attempted to manipulate plaintiff to leave the change from his transaction as a 'credit' towards his next bill," and ultimately terminated his lease.  *Id.* ¶¶ 14-15.  Plaintiff then filed a complaint with Cubesmart's customer service department, but it was closed without investigation or response.  *Id.* ¶¶ 16-17.

During a later visit to the facility to discuss the charge disputes, the same Cubesmart employee referred to plaintiff as a "Dumb Ni\*\*er."  *Id.* ¶¶ 19-21.  Plaintiff then filed another customer service complaint, which Cubesmart also ignored.  *Id.* ¶¶ 21-22.  Prior to filing this action, plaintiff filed multiple lawsuits in state court.  But Cubesmart did not appear, despite proper service of process.  *Id.* ¶¶ 24-27.

---

[1] Plaintiff technically says that he entered into the lease agreement "[o]n or about 09/19/2025."  Compl. ¶ 9.  But, given that this case was filed in May 2025, we assume this was a typographical error.

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.[2]  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  A district court may dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B).

## III. Discussion

Plaintiff's Section 1981 and RICO claims may proceed, but his other federal claims are dismissed as frivolous.

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

Plaintiff invokes "constitutional due process" and Section 365 of the Bankruptcy Code in arguing that his contract with Cubesmart was "void *ab initio*." Compl. ¶¶ 145-52. But "the United States Constitution regulates only the Government, not private parties," so plaintiff cannot bring a due process claim against Cubesmart absent a showing (which he has not made) that its "conduct constitute[d] state action." *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1296 (2d Cir. 1991). And there is no allegation that Cubesmart is in bankruptcy.

Plaintiff also refers to "federal deceptive practice standards," including under the Federal Trade Commission Act ("FTCA"). Comp. ¶¶ 28-29. But he acknowledges that the FTCA provides no private right of action. *Id.; see also Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974). Instead, he seems to be relying on these federal "standards" in support of his "multi-jurisdictional federal contempt" claim. *See* Compl. ¶¶ 172-174. The Court is not aware of any such cause of action.

## IV.  Conclusion

For the foregoing reasons, the motion to proceed *in forma pauperis* is granted. Plaintiff's Section 1981, RICO, and breach of contract claims may proceed for now, as may his claims for violations of state and local consumer protection laws. His other federal claims are dismissed with prejudice. *See McKie v.*

4

*Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (dismissal of a *pro se* complaint without leave to amended is appropriate "where the complaint gives no indication that a valid claim might be stated").

The Court respectfully directs the Clerk of Court to issue a summons to the defendants and directs the United States Marshals Service to serve copies of the complaint, this order, and the summons on defendants without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies in forma pauperis status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.


__/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    March 31, 2026
          Brooklyn, New York

5